Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/07/2020 09:07 AM CDT

 - 144 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

 In re Interest of LeAntonaé D. et al.,
 children under 18 years of age.
 State of Nebraska, appellee, v.
 Stacy P., appellant.
 ___ N.W.2d ___

 Filed April 7, 2020. No. A-19-703.

 1. Jurisdiction: Appeal and Error. When a jurisdictional question does
 not involve a factual dispute, its determination is a matter of law, which
 requires an appellate court to reach a conclusion independent of the
 decision made by the lower court.
 2. Juvenile Courts: Jurisdiction: Appeal and Error. In a juvenile case,
 as in any other appeal, before reaching the legal issues presented for
 review, it is the duty of an appellate court to determine whether it has
 jurisdiction over the matter before it.
 3. Jurisdiction: Final Orders: Appeal and Error. For an appellate court
 to acquire jurisdiction of an appeal, there must be a final order entered
 by the court from which the appeal is taken.
 4. Juvenile Courts: Parental Rights: Final Orders: Appeal and Error.
 Juvenile court proceedings are special proceedings under Neb. Rev. Stat.
 § 25-1902 (Reissue 2016), and an order in a juvenile special proceeding
 is final and appealable if it affects a parent’s substantial right to raise his
 or her child.
 5. Final Orders: Words and Phrases. A substantial right is an essential
 legal right, not a mere technical right.
 6. Juvenile Courts: Parental Rights: Parent and Child: Time: Final
 Orders. Whether a substantial right of a parent has been affected by an
 order in juvenile court litigation is dependent upon both the object of the
 order and the length of time over which the parent’s relationship with
 the juvenile may reasonably be expected to be disturbed.
 7. Juvenile Courts: Final Orders: Appeal and Error. Dispositional
 orders are final and appealable.
 - 145 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

 8. Juvenile Courts: Judgments: Parental Rights. A review order in a
 juvenile case does not affect a parent’s substantial right if the court
 adopts a case plan or permanency plan that is almost identical to the
 plan that the court adopted in a previous disposition or review order.
 9. Juvenile Courts: Judgments: Appeal and Error. A dispositional order
 which merely continues a previous determination is not an appeal-
 able order.

 Appeal from the Separate Juvenile Court of Douglas County:
Elizabeth G. Crnkovich, Judge. Appeal dismissed.
 Peder Bartling, of Bartling Law Offices, P.C., L.L.O., for
appellant.

 Mark Hanna, Deputy Douglas County Attorney, and Emily
Medcalf, Senior Certified Law Student, for appellee.
 Pirtle, Riedmann, and Bishop, Judges.
 Bishop, Judge.
 Stacy P.’s five children were adjudicated on various dates
to be within the meaning of Neb. Rev. Stat. § 43-247(3)(a)
(Reissue 2016), because they lacked proper parental care by
reason of the faults or habits of Stacy. Subsequently, in an
order filed on May 21, 2019, the separate juvenile court of
Douglas County did not adopt the recommendations of the
Nebraska Department of Health and Human Services (DHHS),
including, but not limited to, the permanency plan of reuni-
fication of the children with Stacy, and the court found that
no more reasonable efforts would be required in this matter.
The juvenile court returned the case to DHHS for alternative
permanency planning recommendations. At a hearing on June
20, evidence was received showing that DHHS recommended
the permanency objective be changed to adoption pending
the filing of a petition for the termination of Stacy’s parental
rights; and in its order on June 21, the court stated the per-
manency objective was adoption. Stacy appealed after only
the June 21 order. However, because all of her assignments
 - 146 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

of error and arguments relate to the May 21 order, which we
find was a final, appealable order, we dismiss this appeal for
lack of jurisdiction.
 BACKGROUND
 Stacy is the biological mother of LeAntonaé D. (born in
2006), Le’Than P. (born in 2008), Le’Anthony D. (born in
2012), Le’Yonnie D. (born in 2016), and Legend D. (born
in 2019). Dexter D. is the father of LeAntonaé, Le’Anthony,
Le’Yonnie, and Legend D.; he is Le’Than’s stepfather.
Le’Than’s biological father is deceased. Dexter was subject to
these same juvenile proceedings below, but because he is not
part of this appeal, he will not be discussed any further.
 In August 2018, the State filed a juvenile petition alleging
that LeAntonaé and Le’Than were children within the meaning
of § 43-247(3)(a) because they lacked proper parental care by
reason of the faults or habits of Stacy. The State alleged the
following: Stacy had not engaged in visits with LeAntonaé
and Le’Than since April 28, 2018; she failed to provide safe,
stable, and/or appropriate housing for them; she failed to
provide proper parental care, support, and/or supervision for
them; and for the above reasons, they were at risk for harm.
These two children had apparently come into the care and cus-
tody of DHHS and been placed into separate foster homes in
December 2017 because their parents were not able to follow
a safety plan previously put in place to protect against intersib-
ling sexual interaction.
 In September 2018, LeAntonaé and Le’Than were adju-
dicated to be within the meaning of § 43-247(3)(a) based on
Stacy’s “no contest” plea to the allegations that she failed to
provide proper parental care, support, and/or supervision for
the children and that they were at risk for harm.
 The State filed a second supplemental petition in September
2018 and an amended second supplemental petition in October,
alleging that Le’Anthony and Le’Yonnie were children within
the meaning of § 43-247(3)(a) because they lacked proper
 - 147 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

parental care by reason of the faults or habits of Stacy. The
State alleged the following: Stacy failed to therapeutically
address the sexualized behaviors of Le’Anthony; Stacy’s use
of drugs and/or controlled substances placed the children at
risk of harm; she failed to provide safe, stable, and/or appro-
priate housing for them; she failed to provide proper parental
care, support, and/or supervision for them; and for the above
reasons, they were at risk for harm. Also in September, the
juvenile court granted the State’s motion for temporary custody
of Le’Anthony and Le’Yonnie, and they have remained in out-
of-home placement ever since.
 In an order filed in October 2018, the juvenile court
ordered Stacy to comply with the following: submit to regu-
lar and random drug testing; not use alcohol, nonprescribed
narcotics, illegal narcotics, and substances to include, but
not be limited to, “marijuana and K-2 (synthetic marijuana)”;
cooperate with all services provided by DHHS; complete a
chemical dependency evaluation; complete a full-scale psy-
chological evaluation to include intellectual functioning with
a parenting assessment; submit to a psychiatric evaluation;
and allow the family permanency specialist and the guardian
ad litem access to the children and the home. The court also
ordered that the home must have all necessities, including
working utilities.
 After a November 2018 first appearance and protective
custody hearing on the amended second supplemental peti-
tion for Le’Anthony and Le’Yonnie and a disposition and
permanency planning hearing on the petition for LeAntonaé
and Le’Than, the juvenile court ordered Stacy to complete
a psychiatric evaluation, complete a chemical dependency
evaluation and follow all recommendations of that evaluation,
and abstain from alcohol and all drugs not prescribed by a
licensed physician. Stacy was to have supervised visitation
with her children, but LeAntonaé and Le’Than’s visits were
to be “by themselves” with Stacy; Le’Anthony and Le’Yonnie
were not to be involved in visits with their older siblings. As
 - 148 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

to the disposition and permanency planning hearing on the
petition for LeAntonaé and Le’Than, the court stated that the
permanency objective was reunification.
 In an order filed on December 14, 2018, the juvenile court
ordered that Stacy was to have no visits with LeAntonaé and
Le’Than until further order of the court.
 After a team meeting in January 2019, the juvenile court
ordered Stacy to complete a psychological evaluation with a
specified person on January 17, complete the psychiatric evalu-
ation on February 18, and see the children at scheduled visits
only (not at school or medical appointments).
 In March 2019, the State filed a fourth supplemental peti-
tion alleging that Stacy’s recently born son, Legend, was a
child within the meaning of § 43-247(3)(a) because he lacked
proper parental care by reason of the faults or habits of Stacy.
The State alleged the following: Stacy currently had an open
juvenile docket; she failed to reunify with her children under
that juvenile docket; her use of drugs and/or controlled sub-
stances placed Legend at risk of harm; she failed to provide
safe, stable, and/or appropriate housing for Legend; and for
the above reasons, Legend was at risk for harm. The juvenile
court granted the State’s motion for temporary custody of
Legend (who had been in the neonatal intensive care unit of
the hospital since his birth); he has remained in out-of-home
placement ever since. In an order filed on April 4, the court
ordered that Stacy could have reasonable rights of visitation
with Legend while he was in the neonatal intensive care unit,
but that if she was disruptive, visits would be canceled until
further order of the court.
 On April 10, 2019, the State filed a second amended second
supplemental petition alleging that Le’Anthony and Le’Yonnie
were children within the meaning of § 43-247(3)(a), because
they lacked proper parental care by reason of the faults
or habits of Stacy. The State alleged the following: Stacy
failed to therapeutically address the sexualized behaviors of
Le’Anthony; her use of drugs and/or controlled substances
 - 149 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

placed the children at risk of harm; she currently had an
open juvenile docket; she failed to reunify with her children
under that juvenile docket; she failed to provide safe, stable,
and/or appropriate housing for the children; she failed to pro-
vide proper parental care, support, and/or supervision for the
children; and for the above reasons, the children were at risk
for harm.
 After a hearing, the juvenile court filed an order on April 12,
2019, adjudicating Le’Anthony, Le’Yonnie, and Legend to be
within the meaning of § 43-247(3)(a) based on Stacy’s admis-
sion to the allegations that she currently had an open juvenile
docket; that she failed to reunify with her children under that
juvenile docket; and that for the above reasons, the children
were at risk for harm.
 On April 30, 2019, the matter came on for a review and per-
manency planning hearing on the petition for LeAntonaé and
Le’Than, and a disposition and permanency planning hearing
on the fourth supplemental petition for Legend and the second
amended second supplemental petition for Le’Anthony and
Le’Yonnie. At the hearing, numerous exhibits were received
into evidence, including the DHHS court report dated April 17,
2019. In the court report, DHHS stated:
 Given the lack of any substantive progress with [Stacy]
 regarding the court ordered services, this FPS is mak-
 ing a recommendation that the permanency objective for
 these five children be changed to Reunification concur-
 rent Adoption. It seems unlikely that [Stacy] will make
 any real changes required to be able to successfully and
 safely parent [her] children.
At the hearing, the State and the children’s guardian ad litem
informed the juvenile court they agreed with DHHS’ recom-
mendation. The court then stated:
 I will take it under advisement to review each and
 every one of these exhibits. But based on what has tran­
 spired prior to today I do not find the recommendations
 - 150 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

 to be in the best interests of these children, and I will be
 hard-pressed to continue to do so even upon review.
 ....
 I continue to find that [DHHS] has not — has made not
 just reasonable efforts, nor even just active efforts, but, in
 fact, extraordinary efforts.
 The matter is under advisement, and we are adjourned.
 The juvenile court subsequently issued its written order on
May 21, 2019, wherein it stated:
 The Court does not adopt the recommendations of
 [DHHS], including but not limited to, the permanency
 plan of reunification. This plan is not in the best interest
 of these children.
 The evidence, from the inception of this case through
 this Disposition, is clear that, despite extraordinary efforts
 made by [DHHS], . . . Stacy . . . lack[s] the capacity
 and/or willingness to gain insight into [her] problems and
 to make substantive changes to correct the circumstances
 which precipitated this court proceeding.
 Given the extraordinary efforts, this Court finds that no
 more reasonable efforts shall be required in this matter,
 AND IT IS SO ORDERED.
The court then returned the case to DHHS for “alternative
permanency planning recommendations” and set a “Juvenile
Review Hearing, Continued Disposition and Permanency
Planning Hearing” for June 14; this hearing was later contin-
ued to June 20.
 At the hearing on June 20, 2019, numerous exhibits were
received into evidence, including the DHHS court report dated
June 6, 2019, and the guardian ad litem’s report dated June
18, 2019. The court report stated, “It is clear from the lack
of efforts by [Stacy] that [she] will not be able to success-
fully and safely parent [her] five children.” The court report
further stated that the recommended permanency objective for
all five children was to “be changed to adoption pending the
 - 151 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

filing of a Petition for the Termination of the Parental Rights”
of Stacy. The guardian ad litem’s report stated that he agreed
with the recommendations contained within the DHHS court
report. The court-appointed special advocate’s report was also
received into evidence and stated agreement with the perma-
nency objective of adoption. At the hearing, the State informed
the juvenile court that it agreed with DHHS’ recommendation.
Stacy’s counsel objected to the change in the permanency plan
from reunification to adoption and asked the court to impose
dispositional orders that would allow Stacy to facilitate a plan
of reunification. The court responded, “You are asking me
to make a different finding than the finding that this Court
made in May?” And Stacy’s counsel responded, “Yes.” The
court said it could not do that as the evidence was contrary
to that request. The court then stated it was adopting the rec-
ommendations of DHHS. In its written order filed on June
21, the court stated the permanency objective was adoption.
A juvenile review and permanency planning hearing was set
for November.
 Stacy filed her notice of appeal on July 18, 2019, stating
her intent to appeal the “‘Juvenile Review Order/Continued
Disposition Order/Permanency Planning Order’” issued on
June 21, “affirming/finalizing the Court’s ‘Order,’ dated May
21, 2019.”
 ASSIGNMENTS OF ERROR
 Stacy assigns, restated, that the juvenile court erred (1) by
failing to order a rehabilitation plan, (2) in determining that
reasonable efforts to preserve and reunify the family were
not required, and (3) “by failing to hold the hearing that
§ 43-283.01(6) requires.”
 STANDARD OF REVIEW
 [1] When a jurisdictional question does not involve a factual
dispute, its determination is a matter of law, which requires
an appellate court to reach a conclusion independent of the
 - 152 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

decision made by the lower court. In re Interest of Kamille C.
& Kamiya C., 302 Neb. 226, 922 N.W.2d 739 (2019).
 ANALYSIS
 Stacy’s assignments of error and arguments on appeal all
relate to the hearing held on April 30, 2019, and the juvenile
court’s subsequent order filed on May 21. She did not file
an appeal from that order. She waited to file her appeal until
after the June 21 order. Whether we have jurisdiction over
the May 21 order turns upon whether that order rejecting a
permanency plan of reunification and stating that no more
reasonable efforts were required affected a substantial right
of Stacy’s, and thus had to be appealed within 30 days of that
order, or whether it was part and parcel of the June 21 order
that changed the permanency objective to adoption.
 [2-4] In a juvenile case, as in any other appeal, before
reaching the legal issues presented for review, it is the duty
of an appellate court to determine whether it has jurisdic-
tion over the matter before it. In re Interest of Octavio B. et
al., 290 Neb. 589, 861 N.W.2d 415 (2015). For an appellate
court to acquire jurisdiction of an appeal, there must be a final
order entered by the court from which the appeal is taken.
Id. Juvenile court proceedings are special proceedings under
Neb. Rev. Stat. § 25-1902 (Reissue 2016), and an order in a
juvenile special proceeding is final and appealable if it affects
a parent’s substantial right to raise his or her child. See In re
Interest of Octavio B. et al., supra.
 [5-9] The governing principles are easily stated. Id. A sub-
stantial right is an essential legal right, not a mere technical
right. Id. Whether a substantial right of a parent has been
affected by an order in juvenile court litigation is dependent
upon both the object of the order and the length of time over
which the parent’s relationship with the juvenile may reason-
ably be expected to be disturbed. Id. Dispositional orders are
final and appealable. In re Interest of Taylor W., 276 Neb.
679, 757 N.W.2d 1 (2008). However, a review order does not
 - 153 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

affect a parent’s substantial right if the court adopts a case
plan or permanency plan that is almost identical to the plan
that the court adopted in a previous disposition or review
order. In re Interest of Octavio B. et al., supra. Thus, a dispo-
sitional order which merely continues a previous determina-
tion is not an appealable order. Id.
 In In re Interest of Tayla R., 17 Neb. App. 595, 767 N.W.2d
127 (2009), this court determined that an order which changed
the permanency plan from reunification to adoption was not
appealable, because it did not affect the mother’s substantial
rights. This court observed that the terms of the new order
had the effect of continuing reasonable efforts to preserve the
family. This court reasoned that the new order contained the
same services as the previous order, that it did not change the
mother’s visitation or status, and that it implicitly provided
the mother an opportunity for reunification by complying with
the terms of the rehabilitation plan.
 However, in In re Interest of Diana M. et al., 20 Neb.
App. 472, 825 N.W.2d 811 (2013), this court found an order
modifying a permanency goal from reunification to guard-
ianship/adoption to be appealable when the order modifying
the permanency plan objective was coupled with an order
ceasing further reasonable efforts to bring about reunifica-
tion. This court reasoned that because the order affected the
mother’s right to reunification with her children, it affected a
substantial right and was appealable. See, also, In re Interest
of Octavio B. et al., supra (order was final and appealable
when it changed primary permanency objective from reuni-
fication to adoption and effectively ended services directed
toward reunification).
 The hearing on April 30, 2019, was an original disposition
and permanency planning hearing for Le’Anthony, Le’Yonnie,
and Legend, and it was a review and permanency planning
hearing for LeAntonaé and Le’Than. The juvenile court’s sub-
sequent order on May 21 stated that no more reasonable efforts
were required in this matter, and it rejected a permanency
 - 154 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

objective of reunification. This original disposition order for
Le’Anthony, Le’Yonnie, and Legend was certainly a final,
appealable order. See, In re Interest of Taylor W., supra (dis-
positional orders are final and appealable); In re Interest of
Tabatha R., 255 Neb. 818, 587 N.W.2d 109 (1998) (finding
under facts of case that order declining to order rehabilitation
plan for either parent affected substantial right and was final,
appealable order).
 Additionally, as to all five children, the sequence of events
differs from the typical scenario we have seen in prior cases,
because in the instant case, the May 21, 2019, order ceas-
ing reasonable efforts and rejecting the permanency plan of
reunification did not also simultaneously specify a new per-
manency plan; the new permanency plan of adoption was not
implemented until the June 21 order, and it is only this later
order that is being appealed. We find that the May 21 order
ceasing reasonable efforts was a crucial step in proceedings
that could possibly lead to the termination of parental rights,
and it certainly affected Stacy’s substantial right to raise her
children. See In re Interest of Mya C. & Sunday C., 286 Neb.
1008, 840 N.W.2d 493 (2013) (order that adopts case plan
with material change in conditions for reunification with par-
ent’s child is crucial step in proceedings that could possibly
lead to termination of parental rights; such orders affect par-
ent’s substantial right in special proceeding and are appeal-
able). See, also, In re Interest of Octavio B. et al., 290 Neb.
589, 861 N.W.2d 415 (2015). Thus, the May 21 order was
final and appealable, and should have been appealed within
30 days. See, Neb. Rev. Stat. § 43-2,106.01(1) (Reissue 2016)
(any final order or judgment entered by juvenile court may be
appealed to Court of Appeals in same manner as appeal from
district court to Court of Appeals); Neb. Rev. Stat. § 25-1912
(Cum. Supp. 2018) (appeals must be filed within 30 days after
entry of judgment). Because Stacy did not appeal within 30
days of the May 21 order, her assignments of error and argu-
ments—all of which actually relate to the April 30 hearing
 - 155 -
 Nebraska Court of Appeals Advance Sheets
 28 Nebraska Appellate Reports
 IN RE INTEREST OF LEANTONAÉ D. ET AL.
 Cite as 28 Neb. App. 144

and subsequent May 21 order—are untimely, and we do
not have jurisdiction to address such assignments of error
and arguments.
 Once the juvenile court found that reunification was no
longer in the best interests of the children, there were essen-
tially only two permanency options left for these children:
guardianship, which would not require termination of Stacy’s
parental rights, and adoption, which would require termina-
tion of Stacy’s parental rights. Adoption was ultimately the
chosen permanency plan as stated in the court’s order on June
21, 2019. Stacy did timely appeal the June 21 order. However,
none of her assignments of error or arguments relate to the
specific findings of the June 21 order, e.g., the change in per-
manency plan to adoption. As stated previously, all of Stacy’s
assignments of error and arguments relate to the May 21
order, which we determined was a final, appealable order in
its own right. She cannot use an appeal of the June 21 order to
collaterally attack the earlier May 21 order. And we need not
decide whether the June 21 order changing the permanency
objective to adoption was a separate final, appealable order,
because none of Stacy’s assignments of error or arguments are
specific to the findings in the June 21 order.
 CONCLUSION
 For the reasons stated above, we find that the May 21,
2019, order of the juvenile court was a final, appealable order,
which Stacy did not appeal. Because all of her assignments of
error and arguments relate to the May 21 order, we dismiss
this appeal for lack of jurisdiction.
 Appeal dismissed.