Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/05/2021 08:11 AM CST

TDP Phase One, LLC, appellee, v. The Club
at the Yard, LLC, doing business as
Rule G Night Club, and Eric
F. Marsh, appellants.

___ N.W.2d ___

Filed November 13, 2020.    No. S-19-1198.

1. **Jurisdiction.** The question of jurisdiction is a question of law.
2. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
3. **Claims: Parties: Judgments: Appeal and Error.** Where the proceedings below involved multiple claims for relief or multiple parties, and the court has adjudicated fewer than all the claims or the rights and liabilities of fewer than all the parties, then, absent a specific statute governing the appeal providing otherwise, Neb. Rev. Stat. § 25-1315 (Reissue 2016) controls and mandates that the order is not immediately appealable unless the lower court issues an express determination for the entry of judgment upon an express determination that there is no just reason for delay.
4. **Statutes: Final Orders: Intent.** The intent behind Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) was to prevent interlocutory appeals, not make them easier.
5. **Claims: Parties: Judgments: Appeal and Error.** Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) attempts to strike a balance between the undesirability of piecemeal appeals and the potential need for making review available at a time that best serves the needs of the parties.
6. **____: ____: ____: ____.** Certification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.

7. **Claims: Parties: Final Orders.** The power Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) confers upon the trial judge should be used only in the "infrequent harsh case" as an instrument for the improved administration of justice, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment as to part of the case.

8. **Parties: Judgments: Appeal and Error.** Every party seeking certification may eventually appeal the judgment in question.

9. **Claims: Final Orders.** A court should be particularly cautious in certifying as final a judgment on a claim which is not truly distinct from the claims on remaining issues, for even if the certified judgment is inherently final, the facts underlying the claim resulting in that judgment may be intertwined with the remaining issues.

10. **Statutes.** To the extent there is a conflict between two statutes on the same subject, the specific statute controls over the general.

11. **Statutes: Appeal and Error.** When a statute is not ambiguous, an appellate court ordinarily looks no further than the plain language of the statute. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

12. **Actions: Parties: Final Orders: Appeal and Error.** One may bring an appeal pursuant to Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of Neb. Rev. Stat. § 25-1902 (Supp. 2019) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.

13. **Claims: Parties: Final Orders: Appeal and Error.** In the absence of an express determination that there is no just reason for delay and upon an express direction for the entry of judgment, orders, however designated, adjudicating fewer than all claims or the rights of fewer than all the parties are not final. Absent an entry of judgment under Neb. Rev. Stat. § 25-1315 (Reissue 2016), no appeal will lie unless all claims have been disposed as to all parties in the case.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Appeal dismissed.

David A. Domina, of Domina Law Group, P.C., L.L.O., for appellants.

Gregory S. Frayser and Nathan D. Clark, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FREUDENBERG, JJ.

FREUDENBERG, J.

## NATURE OF CASE

After its tenant failed to pay rent and refused to vacate the premises, a commercial landlord brought suit for restitution of premises pursuant to the forcible entry and detainer (FED) statutes, Neb. Rev. Stat. §§ 25-21,219 through 25-21,235 (Reissue 2016 & Cum. Supp. 2018). The landlord also brought claims for breach of the lease agreement and breach of the guaranty agreement. The tenant counterclaimed for breach of contract, breach of implied covenant of good faith and fair dealing, money had and received, and fraud in the inducement of the lease and guaranty agreements. The tenant also brought suit against the property management company and its owners, as third-party defendants, for civil conspiracy to tortiously interfere with a business expectancy and fraud in the inducement of the lease and guaranty agreements.

The tenant appeals from an order of summary judgment in favor of the landlord on its FED claim. The district court's order did not resolve the remaining claims of either the landlord or the tenant, and no request was made of the district court to issue a certification under Neb. Rev. Stat. § 25-1315 (Reissue 2016). We hold that this court is without jurisdiction over the present appeal.

## BACKGROUND

TDP Phase One, LLC (TDP), a commercial landlord, entered into a 10-year lease agreement with The Club at the Yard, LLC, doing business as Rule G Night Club (Rule G), signed by its managing member and guarantor, Eric F. Marsh, in 2013. The property at issue is located in the "Railyard," an entertainment district in Lincoln, Nebraska, with a common area in the middle and tenants surrounding it. TDP owns the Railyard. The tenants surrounding the Railyard share costs of the common area, which they pay pursuant to the terms

of their lease agreements. When Rule G failed to pay rent in April through July 2019, TDP prepared a 3-day notice to quit, mailing the notice to Marsh and hand delivering a copy to the attorney of record at all relevant times for Rule G. TDP then brought suit against Rule G, alleging restitution of the premises pursuant to §§ 25-21,219 through 25-21,235, as well as claims of breach of contract relating to both the lease and the guaranty agreements. TDP asserted that Rule G failed to pay rent in breach of its lease, that Marsh refused to pay the rent owed as Rule G's guarantor, and that Rule G refused to vacate the premises after TDP prepared and sent a 3-day notice to quit pursuant to § 25-21,221. In its restitution action, TDP sought restitution, costs, and such other relief as was just and equitable.

Rule G challenged proper notice pursuant to § 25-21,221 and raised various defenses, including waiver, prior material breach, and that Rule G was entitled to a setoff due to its over-payment of rent. Rule G also counterclaimed against TDP for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) money had and received, and (4) fraud in the inducement of the lease and the guaranty agreements. Finally, Rule G filed a third-party complaint against the management company for the property and its sole members, alleging they conspired to tortiously interfere with its business expectancies.

TDP moved for partial summary judgment, seeking a determination of its FED claim, asserting that there was no genuine issue of material fact as to its right to restitution of the premises. The court determined that Rule G failed to make all payments of rent due under the lease agreement and failed to deliver possession of the property within 3 days of the notice. The court found this entitled TDP to immediate restitution of the property.

In its order, the court rejected Rule G's claim that TDP did not satisfy the notice requirement required by § 25-21,221. It declined to construe § 25-21,221 as requiring notice to be served in the same manner as a summons in a civil action.

Further, the court was not persuaded by Rule G's arguments that TDP waived its FED claim by accepting rental payments after filing suit and that there was a genuine issue of material fact as to whether Rule G was entitled to a setoff for the overpayment of rent under the lease agreement. The court noted that the lease agreement clearly provided that the acceptance of rent is not a waiver of default and that setoff for overpayment of the rent was explicitly precluded by the lease agreement. The court further observed that Rule G's fraudulent inducement claims were barred by the statute of limitations. It did not address any other counterclaims or third-party claims.

Rule G and Marsh appeal the order granting summary judgment to TDP on its FED claim. However, neither sought a § 25-1315 certification from the district court.

## ASSIGNMENTS OF ERROR

Rule G and Marsh assign that the district court erred in granting the partial summary judgment for TDP, because the district court erroneously (1) concluded overpayments could not be considered to prove that the rents were paid, (2) did not allow discovery concerning prepayments of rent and calculations of rent credits, (3) found proper presuit notice was given under § 25-21,221, and (4) granted summary judgment for restitution against a lease guarantor who is not a party in possession of the leased premises.

## STANDARD OF REVIEW

[1] The question of jurisdiction is a question of law.[1]

## ANALYSIS

[2] Before reaching the assignments of error asserted by Rule G and Marsh, this court must first determine whether it has jurisdiction over this appeal. It is the power and duty of an appellate court to determine whether it has jurisdiction

---

[1] *State v. Harris, ante* p. 237, 948 N.W.2d 736 (2020). See, also, *Federal Nat. Mortgage Assn. v. Marcuzzo*, 289 Neb. 301, 854 N.W.2d 774 (2014).

over the matter before it, irrespective of whether the issue is raised by the parties.[2] In doing so, we find that we lack jurisdiction over the present appeal, because it lacks certification under § 25-1315.

Section 25-1315(1) provides in full:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[3] Where the proceedings below involved multiple claims for relief or multiple parties, and the court has adjudicated fewer than all the claims or the rights and liabilities of fewer than all the parties, then, absent a specific statute governing the appeal providing otherwise,[3] § 25-1315 controls and mandates that the order is not immediately appealable unless the lower court issues an "express direction for the entry of judgment" upon "an express determination that there is no just reason for delay."

---

[2] *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003).

[3] See *R & D Properties v. Altech Constr. Co.*, 279 Neb. 74, 776 N.W.2d 493 (2009) (finding Neb. Rev. Stat. § 25-1315.03 (Reissue 2016) to be more specific and controlling statute over § 25-1315 and allowing appeal without § 25-1315 certification).

This case involved both multiple claims for relief and multiple parties, and the order of restitution appealed from adjudicated both fewer than all the claims and the rights and liabilities of fewer than all the parties. TDP filed suit against Rule G for breach of contract, breach of guaranty, and restitution of premises. Rule G in turn brought several counterclaims, as well as a third-party complaint against the property's management company for fraud and tortious interference. TDP filed a motion for partial summary judgment, and the district court entered an order of restitution granting TDP restitution of the premises. This order disposed only of TDP's restitution-of-premises claim against Rule G. The district court has yet to adjudicate TDP's breach of contract and guaranty claims, Rule G's counterclaims against TDP, and Rule G's third-party claims against the property's management company.

[4,5] The intent behind § 25-1315(1) was to prevent interlocutory appeals, not make them easier.[4] Prior to the enactment of § 25-1315, an order that effected a dismissal with respect to one of multiple parties was a final, appealable order, and the complete dismissal with prejudice of one of multiple causes of action was a final, appealable order, but an order dismissing one of multiple theories of recovery, all of which arose from the same set of operative facts, was not a final order for appellate purposes.[5] Section 25-1315 was an evident attempt by the Legislature to simplify the issue and clarify many of the questions regarding final orders when there are multiple parties and claims.[6] It attempts to strike a balance between the undesirability of piecemeal appeals and the potential need for making review available at a time that best serves the needs of the parties.[7]

---

[4] *Rafert v. Meyer*, 298 Neb. 461, 905 N.W.2d 30 (2017).

[5] *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007).

[6] *Id.*

[7] *Id.*

[6-9] Certification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.[8] The power § 25-1315(1) confers upon the trial judge should be used only in the "infrequent harsh case" as an instrument for the improved administration of justice, based on the likelihood of injustice or hardship to the parties of a delay in entering a final judgment as to part of the case.[9] Every party seeking certification may eventually appeal the judgment in question.[10] A court should be particularly cautious in certifying as final a judgment on a claim which is not truly distinct from the claims on remaining issues, for even if the certified judgment is inherently final, the facts underlying the claim resulting in that judgment may be intertwined with the remaining issues.[11]

[10] To the extent there is a conflict between two statutes on the same subject, the specific statute controls over the general,[12] but we find no statute applicable here that conflicts with § 25-1315. The statute applicable in the present case, § 25-21,233, provides: "Any party against whom judgment has been entered in an action of [FED], or forcible detention only, of real property, may appeal as provided for in a civil action." There is nothing in the language of § 25-21,233 indicating that an order of restitution resolving a FED claim, when it adjudicates fewer than all claims for relief and the rights and liabilities of fewer than all the parties in the action in which such claim was brought, should be immediately appealable without having to obtain a certified judgment pursuant to § 25-1315.

---

[8] *Rafert v. Meyer, supra* note 4.

[9] *Id*.

[10] *Cerny v. Todco Barricade Co., supra* note 5.

[11] *Id*.

[12] *Becher v. Becher*, 299 Neb. 206, 908 N.W.2d 12 (2018).

[11] When a statute is not ambiguous, an appellate court ordinarily looks no further than the plain language of the statute.[13] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[14] Section 25-21,233, by its plain language, directs that the party against whom judgment has been entered in a FED action may appeal only "as provided for in a civil action." And § 25-1315 governs civil actions. Thus, by the plain language of § 25-21,233, when the FED claim is part of an action involving multiple claims or multiple parties, § 25-1315 governs the immediate appealability of an order determining the FED claim.

The language of § 25-21,233 is distinguishable from § 25-1315.03, which we held in *R & D Properties v. Altech Constr. Co.*[15] to be a more specific statute that controls over § 25-1315 in determining whether the order described therein is immediately appealable. Section 25-1315.03 plainly states that an order granting or denying a new trial is "an appealable order," with the time and manner for the appeal of such order to be as for an appeal from a judgment, decree, or final order. Thus, in *R & D Properties*, we found we had jurisdiction over an appeal from an order granting a new trial on the building owner's claims against a contractor, even though a third-party claim against a subcontractor was still pending and the court did not issue a certification under § 25-1315.[16] The order granting a new trial was final and appealable without a § 25-1315 certification, because the language designating the order granting a new trial as "an appealable order" plainly controlled over the mandate in § 25-1315 that "any order or other form of decision, however designated, which

---

[13] See *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018).

[14] *Moser v. State, ante* p. 18, 948 N.W.2d 194 (2020). See, also, *State v. McGuire, supra* note 13.

[15] *R & D Properties v. Altech Constr. Co., supra* note 3.

[16] *Id.*

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties."

The plain language of § 25-21,233 does not designate an order determining the rights and liabilities in a FED action to be "an appealable order." Rather, it generally states that any party against whom "judgment" has been entered in an action of FED or forcible detention only "may appeal as provided for in a civil action." As already stated, § 25-1315 is part of how one may appeal in a civil action, when multiple claims or parties are involved. We also note that where there are multiple parties or multiple claims, fewer than all of which have been adjudicated, there is no "judgment" as defined by Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2018).[17]

While prior versions of § 25-21,233 had language directing, without caveat, that the judgment in the FED action could be appealed, this language had been adopted at a time when FED actions were not joined with other claims, and it has since been amended. At the time prior versions of § 25-21,233 were in effect, the language of the statute combined with the rule that FED claims cannot litigate questions outside of the immediate right to possession and statutorily designed incidents thereto, so that claims for damages related to rent costs and restitution were not joined in an action with claims nonrelated to rental damages or restitution of the property.[18] But, after the passage of the liberal joinder amendments in 1998,[19] the Legislature accounted for the possibility of joinder of FED and non-FED claims and, accordingly, the possible implication of § 25-1315, by qualifying in § 25-21,233 that the appeal must be "as provided for in a civil action."

---

[17] See *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

[18] See *Federal Nat. Mortgage Assn. v. Marcuzzo, supra* note 1.

[19] See, e.g., Neb. Rev. Stat. §§ 25-311, 25-320, 25-701, and 25-705 (Reissue 2016); Introducer's Statement of Intent, L.B. 234, Judiciary Committee, 95th Leg., 1st Sess. (Feb. 21, 1997).

Nothing in the history of § 25-21,233 indicates any intent on the part of the Legislature after the passage of the liberal joinder amendments to allow orders determining FED claims to be immediately appealable even when fewer than all claims or the rights of fewer than all the parties in the action have been adjudicated. Section 25-21,233 originally stated: "Any party against whom judgment has been entered by this court in an action of [FED], or forcible detention only, of real property, may appeal therefrom to the district court, except that the right of appeal herein granted shall not be granted from judgments entered by default."[20] At that time, FED actions originated in municipal courts and "by this court" referred to municipal courts.[21]

In 1972, the Legislature amended § 25-21,233 by taking out "by this court," because a reorganization of the courts in Nebraska was occurring and the municipal courts of Lincoln and Omaha, Nebraska, were limited to the cities' corporate limits.[22] In 1981, the Legislature amended the FED statutory scheme to account for the fact that municipal courts no longer existed. The amendment allocated jurisdiction to both county and district courts to handle FED claims.[23] Also in 1981, the language of § 25-21,233 was amended to allow an appeal of a FED claim "as provided in sections 24-541.01 to 24-541.10 and 24-551." Neb. Rev. Stat. §§ 24-541.01 to 24-541.10 (Reissue 1985), currently found at Neb. Rev. Stat. §§ 25-2728 to 25-2738 (Reissue 2016 & Cum. Supp. 2018), laid out the location, deadlines, and procedures for appealing cases from county court to district court. This language in § 25-21,233

[20] 1929 Neb. Laws, ch. 82, § 131, p. 312.

[21] 1929 Neb. Laws, ch. 82, § 117, p. 309.

[22] Compare Neb. Rev. Stat. § 26-1,132 (Reissue 1964), with Neb. Rev. Stat. § 24-582 (Reissue 1975). See, also, Introducer's Statement of Purpose, L.B. 1032, Judiciary Committee, 82d Leg., 2d Sess. (Jan 24, 1972).

[23] Neb. Rev. Stat. § 24-568 (Reissue 1985).

was adopted in order to streamline the appeal process from county courts to district courts.[24]

Lastly, in 2004, the Legislature corrected an error in § 25-21,233 indicating that FED claims brought in district court were appealed to district court. The 2004 amendment clarified that appeals of FED claims brought in district court were to be appealed as provided for in a civil action. The pre-2004 error was due to the jurisdictional language in § 25-21,219 giving jurisdiction of FED claims to county and district courts and then the language in § 25-21,233 allowing for appeals "as provided in sections 25-2728 to 25-2738," which laid out the process to appeal cases from county to district court. The statutory scheme read with § 25-21,233 made it sound as if the appeals could go only to district court, based on the language "may appeal as provided in sections 25-2728 to 25-2738." So the amendment in 2004 removed "in sections 25-2728 to 25-2738" and added "for in a civil action," so that the appeals of FED actions would now be allowed as any other appeal would.[25]

The current statutory scheme adopted in 2004, combined with the liberal joinder rules adopted in 1998, means that an action involving multiple claims, only one of which arises under the FED statutes, can be presented in a single action. With this possibility, the Legislature's amendment of § 25-21,233 to state that an appeal from a "judgment" in a FED action may be appealed only as provided "for in a civil action"[26] indicates its intent that appeals involving FED claims

---

[24] Introducer's Statement of Intent, L.B. 42, Judiciary Committee, 87th Leg., 1st Sess. (Jan. 21, 1981). See, also, §§ 24-582 (Reissue 1985) and 24-568.

[25] Compare § 25-21,219 (Reissue 1995) (giving jurisdiction of FED actions to county and district courts), § 25-21,233 (Reissue 1995) (providing specific appeal statutes), and §§ 25-2728 to 25-2738 (specific appeal statutes from § 25-21,223 that laid out appeal process from county to district court), with § 25-21,233 (Reissue 2008).

[26] See 2004 Neb. Laws, L.B. 1207.

should now be governed by the normal appeal process for civil actions—which would require satisfying Neb. Rev. Stat. § 25-1902 (Supp. 2019) or § 25-1301(1) and, when implicated, § 25-1315.

[12,13] We need not conduct an analysis of whether the FED order of partial summary judgment that Rule G and Marsh attempt here to appeal was a final order under § 25-1902 or a judgment under § 25-1301, because we conclude that § 25-1315 was implicated and the court did not certify the appeal as required by that statute. With the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of § 25-1902 as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.[27] In the absence of an express determination that there is no just reason for delay upon an express direction for the entry of judgment, orders, however designated, adjudicating fewer than all claims or the rights of fewer than all the parties are not final.[28] Absent an entry of judgment under § 25-1315, no appeal will lie unless all claims have been disposed as to all parties in the case.[29]

The order of partial summary judgment in this matter adjudicated both fewer than all claims presented in the underlying action and the rights of fewer than all the parties. The district court did not make an express direction for the entry of judgment upon an express determination that there is no just reason for delay. Therefore, we lack jurisdiction over TDP's appeal.

---

[27] *Rafert v. Meyer, supra* note 4.

[28] See *Boyd v. Cook, supra* note 17.

[29] *Id.*

## CONCLUSION

This court is without jurisdiction over the present appeal, because the order of restitution disposing of the FED action did not satisfy § 25-1315(1). Therefore, the appeal is dismissed.

APPEAL DISMISSED.

FUNKE and PAPIK, JJ., not participating.