Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/21/2023 08:04 AM CST

- 587 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

Vernon R. Johnson, appellant, v. Woodhouse
Ford Auto Family, appellee.

___ N.W.2d ___

Filed February 14, 2023.    No. A-22-048.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party.

2. **Motions to Dismiss: Rules of the Supreme Court: Pleadings.** Because a motion pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss.

3. **Rules of the Supreme Court: Pleadings.** Dismissal under Neb. Ct. R. Pldg. § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

4. **Motions to Dismiss: Rules of the Supreme Court: Summary Judgment: Pleadings.** When matters outside the pleadings are presented by the parties and accepted by the trial court with respect to a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6), the motion shall be treated as a motion for summary judgment and the parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by statute.

5. **Summary Judgment: Motions to Dismiss: Notice.** When receiving evidence which converts a motion to dismiss into a motion for summary judgment, it is important that the trial court give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion by the rules governing summary judgment.

- 588 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Reversed and remanded for further proceedings.

Vernon R. Johnson, pro se.

Stephen G. Olson II and Jacob A. Enenbach, of Engles, Ketcham, Olson & Keith, P.C., for appellee.

Pirtle, Chief Judge, and Moore and Riedmann, Judges.

Moore, Judge.

## INTRODUCTION

Vernon R. Johnson brought an action in the district court for Douglas County against Woodhouse Ford Auto Family (Woodhouse) in Omaha, Nebraska, asserting various causes of action after Woodhouse allegedly reported a theft of one of its vehicles by Johnson. Woodhouse filed a motion to dismiss Johnson's amended complaint for failure to state a claim for relief. The district court received evidence offered by Woodhouse at the hearing and granted the motion to dismiss. Johnson was not present at the hearing. When the court received evidence in support of Woodhouse's motion to dismiss, the motion was converted to a motion for summary judgment under Neb. Ct. R. Pldg. § 6-1112(b). Because the parties were not given sufficient notice of that conversion and Johnson was not provided with a reasonable opportunity to present any material he might find relevant to a motion for summary judgment, we reverse, and remand for further proceedings.

## STATEMENT OF FACTS

Johnson filed his initial complaint against Woodhouse on March 9, 2021, and Woodhouse answered, admitting that Johnson was a person presently confined within the Nebraska Department of Correctional Services in Tecumseh, Nebraska, and that Woodhouse was located at a particular address in

- 589 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

Omaha, but generally denying Johnson's substantive allegations and setting forth various affirmative defenses.

Johnson filed motions for discovery and production of documents on June 1, 2021. The record on appeal does not include any orders ruling on these motions.

Johnson sought leave to file an amended complaint, which was granted by the district court, and he filed an amended complaint on September 27, 2021. In his operative complaint, Johnson alleged that he visited a Woodhouse dealership on June 3, 2019, to discuss purchasing a vehicle with a sales agent. Thereafter, the parties engaged in various communications, and Johnson returned to the dealership to test drive a vehicle and submit a loan application. Johnson alleged that he was advised by the sales agent that he was approved for a downpayment of $1,000 and that he must submit two pay stubs to secure a bank loan for the amount of $30,000. Johnson and the agent then looked at a "2018 Ford Eco Sport SUV" with a purchase price around $28,000. Johnson advised that he could not make the downpayment until the first week of July, but that he would deliver his pay stubs. According to Johnson, he subsequently received messages from Woodhouse representatives, indicating that they wanted him to take possession of the vehicle. On June 19, Johnson signed the required documents and took possession of the vehicle.

Johnson further alleged that he was out of town during the weekend of June 21, 2019, and that he received messages from Woodhouse "indicating the return of the vehicle." Upon returning to Omaha, Johnson was driving the vehicle when he was arrested for having a stolen vehicle. Johnson was advised that Woodhouse had filed a police report, and he was charged with "'Theft by Receiving Stolen Property over $5,000.00.'" He was thereafter confined to jail for 6 months until the district court dismissed the charges in the criminal case. In his operative complaint, Johnson alleged that the vehicle was seized by the police, that Woodhouse later took possession

- 590 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

of the vehicle, and that there was personal property in it belonging to Johnson valued at $7,000. He alleged that he contacted Woodhouse and was told that Woodhouse no longer had the property in its possession.

Johnson asserted claims for (1) "BREACH OF CONTRACT AND TORTIOUS INTERFERENCE," (2) "FRAUD MIS-REPRESENTATION," (3) "FALSE IMPRISONMENT AND WRONGFUL DETENTION; IN VIOLATION OF THE 4th AND 8th AMENDMENT TO THE STATE AND FEDERAL CONSTITUTIONS," and (4) "NEGLIGENCE - LOSS OF PERSONAL PROPERTY." Johnson sought damages in the amount of $2,000,000 (punitive and general), along with $7,000 for loss of personal property.

Woodhouse filed a motion to dismiss the amended complaint pursuant to § 6-1112(b)(6) for failure to state a claim upon which relief can be granted.

A hearing was held on Woodhouse's motion to dismiss on December 22, 2021. Johnson did not appear at the hearing, although he had filed a motion the day before the hearing asking to appear virtually, which request was denied by the district court as untimely. Woodhouse offered an exhibit at the hearing, characterized by Woodhouse's attorney as "the car application for the subject vehicle," which included the purchase agreement for the vehicle, dated June 19, 2019, and related documents. The purchase agreement provided that it may be conditioned upon the acceptance or approval by a third-party financial institution and that if approval is not obtained, the agreement and related documents are null and void. An additional document in the exhibit is a notice from Woodhouse to Johnson, also dated June 19, 2019, which indicates that after reviewing Johnson's credit file, a "deal was not agreed to." The court received briefs from both parties (which are not in our record) and took the matter under advisement.

On January 6, 2022, the district court entered an order granting the motion to dismiss. Johnson appeals.

- 591 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

## ASSIGNMENT OF ERROR

Johnson assigns, restated and summarized, that the district court erred in granting the motion to dismiss his amended complaint.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 312 Neb. 629, 980 N.W.2d 437 (2022).

## ANALYSIS

Johnson asserts that the district court erred in granting the motion to dismiss his amended complaint. In their briefs on appeal, both parties have treated Woodhouse's motion as a motion to dismiss under § 6-1112(b)(6), rather than as a motion for summary judgment. However, the court received evidence submitted by Woodhouse at the hearing on Woodhouse's motion to dismiss, converting the motion into a motion for summary judgment.

[2,3] Because a motion pursuant to § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017). Dismissal under § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Vasquez v. CHI Properties*, 302 Neb. 742, 925 N.W.2d 304 (2019).

[4,5] However, when matters outside the pleadings are presented by the parties and accepted by the trial court with respect to a motion to dismiss under § 6-1112(b)(6), the motion shall be treated as a motion for summary judgment

- 592 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
31 NEBRASKA APPELLATE REPORTS
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

and the parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by statute. *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015). When receiving evidence which converts a motion to dismiss into a motion for summary judgment, it is important that the trial court give the parties notice of the changed status of the motion and a reasonable opportunity to present all material made pertinent to such a motion by the rules governing summary judgment. *Britton v. City of Crawford*, 282 Neb. 374, 803 N.W.2d 508 (2011).

A court's failure to give notice of the conversion of a motion to dismiss into a motion for summary judgment, however, is not dispositive. The Nebraska Supreme Court has stated that "the purpose of the notice is to give the party sufficient opportunity to discover and bring forward factual matters which may become relevant in the summary judgment context, as distinct from the dismissal context." *Corona de Camargo v. Schon*, 278 Neb. 1045, 1050, 776 N.W.2d 1, 6 (2009). In *Corona de Camargo*, the Supreme Court found no prejudice from the conversion of motions to dismiss into motions for summary judgment without notice where the plaintiff was given a reasonable opportunity to present relevant evidence and argument on the statute of limitations issue upon which the motions to dismiss were based. On appeal, the plaintiff conceded that the facts with respect to the statute of limitations issue were not in dispute. The Supreme Court found no prejudice because the motions presented an issue of law, and the plaintiff was notified of that issue in the motions to dismiss.

In *Ichtertz v. Orthopaedic Specialists of Neb.*, 273 Neb. 466, 730 N.W.2d 798 (2007), the plaintiff did not object when the defendants offered exhibits at a hearing on a motion to dismiss. On appeal, the plaintiff argued that the trial court erred in converting the motion to dismiss into a motion for summary judgment, but the Supreme Court observed that the plaintiff had been given the opportunity to offer evidence

- 593 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
31 NEBRASKA APPELLATE REPORTS
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

in opposition but had declined do so. The Supreme Court was unable to determine whether the plaintiff had raised the issue of the motion's conversion below, but it concluded that whether the trial court erred in its procedure was not dispositive and declined to resolve the case on that basis.

This court considered the conversion of a motion to dismiss into a motion for summary judgment in *Hedglin v. Esch*, 25 Neb. App. 306, 905 N.W.2d 105 (2017). In that case, the trial court received exhibits into evidence before granting a motion to dismiss. On appeal, this court first noted that the plaintiff had not assigned error to the conversion of the motion to dismiss into a motion for summary judgment. We found it clear from the record that the plaintiff was aware exhibits would be offered at the hearing on the motion to dismiss, did not object to their offer, and declined to offer evidence in opposition after being given the opportunity to do so. We also noted that the motion was based on an issue of law and that the facts relevant to that issue were undisputed. Accordingly, we applied a summary judgment standard of review in considering the issues raised on appeal.

The present case is more like *Crane Sales & Serv. Co. v. Seneca Ins. Co.*, 276 Neb. 372, 754 N.W.2d 607 (2008). In that case, there was no indication at the trial court level or on appeal that either the trial court or the parties recognized that the motion to dismiss had been converted to a motion for summary judgment. The plaintiff did not object to the defendant's offer of an affidavit at the hearing on the motion to dismiss, did not introduce any of its own evidence, and was not given an opportunity to do so. The record did not show that the trial court had explicitly alerted the parties to the fact that the motion had been converted to a motion for summary judgment. And, there was no indication from the record that the plaintiff was given the opportunity to conduct discovery. On appeal, in their briefs and at oral argument, the parties continued to maintain that the motion in question was a motion to dismiss. However, the plaintiff argued that if allowed

- 594 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

discovery, it could prove a relevant issue. The Supreme Court concluded that adequate notice of the conversion from a motion to dismiss to a motion for summary judgment had not been provided to the parties and that the plaintiff had not been given a reasonable opportunity to present pertinent material. The Supreme Court reversed, and remanded for further proceedings. See, also, *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013) (trial court's failure to hold hearing after taking into consideration matters outside pleadings on motion to dismiss, transforming motion to dismiss into motion for summary judgment, required reversal).

In the present case, the district court received the vehicle application documents offered by Woodhouse into evidence at the hearing on its motion to dismiss. Accordingly, we conclude that under § 6-1112(b), Woodhouse's motion to dismiss for failure to state a claim was converted to a motion for summary judgment.

As to whether the district court provided the parties adequate notice of that conversion and whether Johnson was provided with a reasonable opportunity to present all material pertinent to such a motion, we first observe that Johnson, who was incarcerated at the time, did not appear at the December 22, 2021, hearing, and the district court denied as untimely Johnson's motion to appear via videoconference that had been filed the day before. In doing so, the court noted that Woodhouse's amended notice of hearing had been mailed to Johnson on November 1, which the court reasoned would have given Johnson "at least six weeks" to make his request to appear virtually. Then, without acknowledging that the admission of evidence would require it to treat the motion to dismiss as a motion for summary judgment, the court asked whether Woodhouse had any evidence, thereafter receiving the exhibit offered by Woodhouse. Following a brief argument from Woodhouse, the court stated that it would review the briefs it had received from the parties and issue its decision in writing.

- 595 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
31 NEBRASKA APPELLATE REPORTS
JOHNSON v. WOODHOUSE FORD AUTO FAMILY
Cite as 31 Neb. App. 587

In their briefs on appeal, the parties have treated Woodhouse's motion as a motion to dismiss under § 6-1112(b)(6), rather than as a motion for summary judgment. Johnson did file motions for discovery, although the record does not clearly indicate whether any discovery was actually conducted. Johnson referred in his amended complaint to at least some of the vehicle application paperwork found in exhibit 1, but he did not attach any of the documents he referenced, and it is not clear whether he was aware of all of the documents included in Woodhouse's exhibit.

We conclude that adequate notice of the conversion from a motion to dismiss to a motion for summary judgment was not provided and that Johnson was not given a reasonable opportunity to present all material pertinent to a motion for summary judgment. Therefore, we reverse, and remand for further proceedings.

## CONCLUSION

The district court erred in granting the motion to dismiss. When it received the evidence offered by Woodhouse, the motion to dismiss was converted into a motion for summary judgment. The parties were not given sufficient notice of that conversion, and Johnson was not provided with a reasonable opportunity to present any material he might find relevant to a motion for summary judgment. Accordingly, we reverse the district court's judgment and remand the cause to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.