Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:08 PM CDT

Daniel Johnson, appellee, v.
Tina Vosberg, appellant.

___ N.W.3d ___

Filed May 17, 2024.    No. S-23-396.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Moot Question: Justiciable Issues: Appeal and Error.** Mootness is a justiciability question that an appellate court determines as a matter of law when it does not involve a factual dispute.
3. **Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal, such right does not exist.
4. **Judgments: Final Orders: Legislature: Appeal and Error.** Through Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022), the Legislature has authorized appeals from "judgments and decrees rendered," as well as "final orders," made by the district court; additionally, where implicated, an order must comply with Neb. Rev. Stat. § 25-1315 (Reissue 2016).
5. **Jurisdiction: Appeal and Error.** If the district court, sitting as an intermediate appellate court, lacked jurisdiction over a party's appeal, a higher appellate court also lacks jurisdiction to decide the merits of the appeal.
6. **Judgments.** A judgment disposes of the case fully and leaves nothing for further determination.
7. **Judgments: Words and Phrases.** Every direction of a court or judgment made or entered in writing and not included in a judgment is an order.
8. **Final Orders.** Final orders are defined in Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), which currently recognizes four categories of final orders; some categories pertain to actions, and one pertains to special proceedings.
9. **Landlord and Tenant: Judgments: Appeal and Error.** The Uniform Residential Landlord and Tenant Act provides for an immediate appeal

from the rendition of the judgment in the trial of the action for possession, regardless of whether other causes of action relating to the tenancy under the act are still pending.

10. **Landlord and Tenant: Judgments.** Neb. Rev. Stat. § 25-1315 (Reissue 2016) is not implicated when a judgment in an action under the Uniform Residential Landlord and Tenant Act for possession has been rendered and the only pending claims are those relating to the tenancy as contemplated under the act.

11. **Moot Question: Jurisdiction: Appeal and Error.** Mootness does not prevent appellate jurisdiction.

12. **Moot Question: Jurisdiction.** Mootness is a justiciability doctrine that can prevent courts from exercising jurisdiction.

13. **Moot Question: Jurisdiction: Appeal and Error.** Appellate courts review mootness determinations under the same standard of review as other jurisdictional questions.

14. **Moot Question: Words and Phrases.** A case is moot if the facts underlying the dispute have changed, such that the issues presented are no longer alive.

15. **Moot Question.** The central question in a mootness analysis is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.

16. ____. While a moot case is normally subject to summary dismissal, Nebraska recognizes a public interest exception to the mootness doctrine.

17. **Moot Question: Appeal and Error.** The public interest exception to the mootness doctrine requires an appellate court to consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative adjudication for guidance of public officials, and (3) the likelihood of recurrence of the same or a similar problem.

Appeal from the District Court for Douglas County, Tressa M. Alioth, Judge, on appeal thereto from the County Court for Douglas County, Grant A. Forsberg, Judge. Appeal dismissed.

Natalie M. Hein and Damien J. Wright, of Welch Law Firm, P.C., for appellant.

Jason C. Hubbard, of Jason Hubbard Law, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

The landlord filed a complaint under Nebraska's Uniform Residential Landlord and Tenant Act (URLTA) asking for restitution of the premises, unpaid rent, and statutory damages for willful holdover. The landlord presented a copy of a 90-day lease, but the tenant alleged the lease was for a period of 1 year. While the claims for unpaid rent and holdover remained pending, the county court held an expedited trial on the claim for possession, ultimately ordering judgment in favor of the landlord and issuing a writ of restitution of the premises. The tenant immediately appealed, and the writ was stayed pending the appeal, pursuant to a supersedeas bond. The district court affirmed, and the tenant appeals to our court. During the pendency of the appeal, the alleged 1-year lease period passed, the tenant vacated the premises, and the tenant stopped paying monthly rent pursuant to the supersedeas bond. We hold that we have appellate jurisdiction, but that the appeal is moot.

## BACKGROUND

### Complaint

On October 11, 2022, Daniel Johnson filed a complaint against Tina Vosberg, a tenant living in his residence, in the county court for Douglas County, pursuant to the URLTA.[1] In his complaint, Johnson asserted three "causes of action" under the URLTA: (1) restitution of the premises (possession), (2) unpaid rent, and (3) holdover. Johnson sought possession of the premises, damages, and attorney fees as provided by § 76-1437(3) and costs.

In support of the cause of action for possession, Johnson alleged that the initial term of the lease had run and was on a month-to-month basis when Johnson served a 30-day notice

---

[1] See Neb. Rev. Stat. §§ 76-1401 to 76-1449 (Reissue 2018 & Cum. Supp. 2022).

that the lease would end. Johnson alleged that Vosberg did not vacate the premises after the 30-day notice had run and that Vosberg continues to be unlawfully in possession of the premises. In support of the cause of action for unpaid rent, Johnson alleged that he had incurred $3,358.11 in special damages due to Vosberg's failure to pay rent as it became due during her tenancy. In support of the cause of action for holdover, Johnson alleged Vosberg's continuing possession of the premises was willful and in bad faith, entitling Johnson to damages for willful holdover in the amount of three times the monthly rent ($4,500) pursuant to § 76-1437(3).

## Trial on Possession

An expedited trial was conducted on Johnson's claim for possession while the other claims remained pending. At trial, the parties primarily disputed the duration of the lease agreement. Johnson presented a written "Roommate Lease Agreement" signed by Johnson's wife and Vosberg on May 3, 2022. The lease provides for a term beginning May 7 and ending August 5. Also entered into evidence was Johnson's notice to Vosberg on August 15 that her tenancy would not be renewed at the end of its term and that she was expected to vacate the premises by September 30.

Vosberg admitted at trial that it was her signature on the last page of the lease entered into evidence and that she received the 30-day notice of nonrenewal. Nevertheless, Vosberg testified that the lease was not the lease she signed. There were no initials or signatures on the other pages of the lease. Vosberg claimed she signed a 1-year lease agreement.

Vosberg did not have a copy of the alleged 1-year lease agreement that she said she signed. Instead, in support of the alleged 1-year lease agreement, Vosberg presented evidence that she had set up a hair salon in the basement of the residence. She testified that she would not have gone through the expense and difficulty of doing so if she had only signed a 3-month lease. There was conflicting evidence as to whether

Johnson gave Vosberg permission to install a "shampoo bowl" in the residence.

Vosberg also presented evidence that Johnson and his family have another, larger residence and purchased the residence Vosberg rented so Johnson's daughter could play volleyball in the school district connected to the residence. According to Vosberg, Johnson and his family did not decide to occupy the residence until Johnson came under investigation by the school district. Johnson and his wife, however, testified they had always intended on living in the residence when the school year began, because their other residence was too far of a commute to their daughter's school. For that reason, they leased the property only for the summer. Johnson and his wife denied any investigation by the school district.

The county court entered judgment in favor of Johnson for restitution of the premises on November 21, 2022. It found that Vosberg signed the 90-day lease and that Johnson had lawfully terminated the lease and given effective notice to vacate.

### Appeal to District Court, Writ, and Bond

Vosberg timely filed a notice of appeal to the district court. A writ of restitution was ordered, commanding Vosberg to forthwith be removed from the premises, but the court also ordered a supersedeas bond to be collected and held until the mandate of the district court in the appeal was entered. The court ordered that any writ of restitution be recalled until after the deadline by which the supersedeas bond was to be paid. If the supersedeas bond was not paid, then the writ of restitution could be issued forthwith; but if it was timely paid, the writ was to be recalled and Vosberg was to be permitted to return to the premises during the pendency of the appeal. On May 4, 2023, the district court affirmed the county court's judgment for restitution of the premises. Vosberg filed her notice of appeal from the district court on May 24, 2023.

## ASSIGNMENTS OF ERROR

Vosberg assigns as error that (1) the county court erred as a matter of law by failing to consider evidence outside the four corners of the "Roommate Lease Agreement" and (2) the county court's factual finding that the lease agreement was the parties' agreement was clearly erroneous and unsupported by the evidence. Although the district court acted as an intermediate appellate court and affirmed the county court's decision, Vosberg's assignments of error in her appellate brief only assign how the county court erred. In accordance with *State v. Jennings*,[2] however, these assignments of error are sufficiently stated to be reviewable.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[3]

[2] Mootness is a justiciability question that an appellate court determines as a matter of law when it does not involve a factual dispute.[4]

## ANALYSIS

### Appellate Jurisdiction

Because Vosberg appealed from an order of restitution that did not resolve Johnson's claims for unpaid rent and willful holdover, we begin our analysis by examining whether there is appellate jurisdiction by virtue of a timely appeal from a judgment or final order that does not implicate Neb. Rev. Stat. § 25-1315 (Reissue 2016).

[3-5] The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal, such right does not exist.[5] Through Neb. Rev. Stat. § 25-1912 (Cum. Supp.

---

[2] See *State v. Jennings*, 308 Neb. 835, 957 N.W.2d 143 (2021).

[3] *Ryan v. Ryan*, 313 Neb. 938, 987 N.W.2d 620 (2023).

[4] *George Clift Enters. v. Oshkosh Feedyard Corp.*, 306 Neb. 775, 947 N.W.2d 510 (2020).

[5] *Mann v. Mann*, 312 Neb. 275, 978 N.W.2d 606 (2022).

2020), the Legislature has authorized appeals from "judgments and decrees rendered," as well as "final orders," made by the district court. Additionally, where implicated, an order must comply with § 25-1315.[6] Section 25-1315(1) is implicated only when "an action" presents more than one "claim for relief" or involves multiple parties, and the court enters an order, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.[7] If the district court, sitting as an intermediate appellate court, lacked jurisdiction over a party's appeal, we also lack jurisdiction to decide the merits of the appeal.[8]

[6] A judgment is defined in Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2022) to mean "the final determination of the rights of the parties in an action." A judgment disposes of the case fully and leaves nothing for further determination.[9] Under § 25-1301(2), "Rendition of a judgment is the act of a court, or a judge thereof, in signing a single written document stating all of the relief granted or denied in an action."

[7,8] Every direction of a court or judgment made or entered in writing and not included in a judgment is an order.[10] Final orders are defined in Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), which currently recognizes four categories of final orders; some categories pertain to actions, and one pertains to special proceedings.[11]

Section 76-1418 of the URLTA describes that "[t]he landlord may bring an action for possession against any person wrongfully in possession and may recover the damages provided in subsection (3) of section 76-1437." Section

---

[6] *Mathiesen v. Kellogg*, 315 Neb. 840, 1 N.W.3d 888 (2024).

[7] See *Mann v. Mann, supra* note 5.

[8] *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011).

[9] See, *Mathiesen v. Kellogg, supra* note 6; *Paxton v. Paxton*, 314 Neb. 197, 989 N.W.2d 420 (2023).

[10] See *Mathiesen v. Kellogg, supra* note 6.

[11] *Mann v. Mann, supra* note 5.

76-1437(2) of the URLTA provides that a month-to-month tenancy may be terminated by written notice at least 30 days before the periodic rental date. Section 76-1437(3) provides that if the tenant remains in possession without the landlord's consent after expiration of the term or its termination,

> the landlord may bring an action for possession and if the tenant's holdover is willful and not in good faith the landlord, in addition, may recover an amount not more than three months' periodic rent or threefold the actual damages sustained by him, whichever is greater, and reasonable attorney's fees.

Section 76-1440 of the URLTA sets forth specific requirements for a complaint for possession as the means of commencing an action for possession. Section 76-1441(1) describes that "[t]he complaint may also contain other causes of action relating to the tenancy, but such causes of action shall be answered and tried separately, if requested by either party in writing."

Under § 76-1446, trial of the action for possession shall be held not less than 10 nor more than 14 days after the issuance of the summons. This requirement, however, does not apply to the other causes of action relating to the tenancy. Section 76-1446 states:

> If judgment is rendered against the defendant for the restitution of the premises, the court shall declare the forfeiture of the rental agreement, and shall, at the request of the plaintiff or his or her attorney, issue a writ of restitution, directing the constable or sheriff to restore possession of the premises to the plaintiff on a specified date not more than ten days after issuance of the writ of restitution.

Thus, while the URLTA contemplates that "other causes of action relating to the tenancy" may be joined in the complaint, there is an expedited process for litigating the claim for possession separately from those other causes of action.[12]

---

[12] See § 76-1441(1).

[9] We hold that the URLTA provides for an immediate appeal from the rendition of the judgment in the trial of the action for possession, regardless of whether other causes of action relating to the tenancy under the URLTA are still pending. This right to an immediate appeal derives most directly from § 76-1447, which sets forth an appeal from the "judgment" of restitution of the premises and a stay of the execution of any writ of restitution:

> If either party feels aggrieved by the judgment, he may appeal as in other civil actions. An appeal by the defendant shall stay the execution of any writ of restitution, so long as the defendant deposits with the clerk of the district court the amount of judgment and costs, or gives an appeal bond with surety therefor, and thereafter pays into court, on a monthly basis, an amount equal to the monthly rent called for by the rental agreement at the time the complaint was filed.

[10] As discussed, in civil actions, appellate courts have jurisdiction over a timely appeal from a judgment. Because the URLTA refers to the court's determination in the expedited action for possession as a "judgment," such judgment is immediately appealable even though other causes of action relating to the tenancy remain pending or dismissed without prejudice. Furthermore, such "judgment," by definition, is at odds with an order that determines fewer than all the claims or the rights and liabilities of fewer than all the parties. Thus, it was the Legislature's intent that § 25-1315 is not implicated when a judgment in an action under the URLTA for possession has been rendered and the only pending claims are those relating to the tenancy as contemplated under the URLTA.

*TDP Phase One v. The Club at the Yard*[13] is distinguishable from the case at bar. The plaintiff therein brought an action for restitution of the premises under the forcible entry

---

[13] *TDP Phase One v. The Club at the Yard,* 307 Neb. 795, 950 N.W.2d 640 (2020).

and detainer (FED) statutes, Neb. Rev. Stat. §§ 25-21,219 to 25-21,235 (Reissue 2016 & Cum. Supp. 2018), but that action was joined with non-FED claims, including counterclaims for fraud in the inducement and conspiracy to tortiously interfere with business expectancies. The court granted partial summary judgment for restitution of the premises but did not determine other claims outside of the FED statutes. Section 25-21,233 provides that "[a]ny party against whom judgment has been entered in an action of [FED], or forcible detention only, of real property, may appeal as provided for in a civil action." We held we lacked appellate jurisdiction because the court did not issue a certification under § 25-1315. We explained that the statutory scheme did not indicate a legislative intent to allow orders determining FED claims to be immediately appealable without certification under § 25-1315 when non-FED claims remain pending.

Here, there were no pending non-URLTA claims. Because the only pending claims were those contemplated by the URLTA, § 25-1315 is not implicated. Accordingly, we are presented with a "judgment" over which we have appellate jurisdiction despite the lack of a certification under § 25-1315.

## Mootness

[11,12] Having found we have appellate jurisdiction, we turn to the question of mootness. Mootness does not prevent appellate jurisdiction.[14] Instead, mootness is a justiciability doctrine that can prevent courts from exercising jurisdiction.[15]

[13-15] We review mootness determinations under the same standard of review as other jurisdictional questions.[16] A case is moot if the facts underlying the dispute have changed,

---

[14] See, e.g., *Applied Underwriters v. S.E.B. Servs. of New York*, 297 Neb. 246, 898 N.W.2d 366 (2017); *Al-Ameen v. Frakes*, 293 Neb. 248, 876 N.W.2d 635 (2016).

[15] See, e.g., *Applied Underwriters v. S.E.B. Servs. of New York, supra* note 14.

[16] *Al-Ameen v. Frakes, supra* note 14.

such that the issues presented are no longer alive.[17] The central question in a mootness analysis is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.[18]

[16,17] While a moot case is normally subject to summary dismissal, Nebraska recognizes a public interest exception to the mootness doctrine.[19] The public interest exception to the mootness doctrine requires us to consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative adjudication for guidance of public officials, and (3) the likelihood of recurrence of the same or a similar problem.[20] We have said that even if a problem is likely to recur, it is generally inappropriate for an appellate court to review a moot case that does not evade review as a result of a transitory setting.[21] In *NP Dodge Mgmt. Co. v. Holcomb*,[22] we recently held that an appeal from a writ of restitution under the URLTA was moot when the writ of restitution was executed, and the tenant removed before the court entered the order setting the supersedeas bond that would recall the writ. Furthermore, the term of the lease had expired by the time we issued our opinion. The tenant raised on appeal the denial of her request for a jury trial, the alleged violation of § 76-1447 by issuing the writ before setting the appeal bond, and the alleged violation of her constitutional right to due process by issuing the writ without first serving her notice that the writ would issue.

We observed that the tenant had offered no reason why she would be entitled to possession of the apartment after the

---

[17] *NP Dodge Mgmt. Co. v. Holcomb*, 314 Neb. 748, 993 N.W.2d 105 (2023).

[18] *Id*.

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*. See, also, *Banks v. Housing Auth. of City of Omaha*, 281 Neb. 67, 795 N.W.2d 632 (2011).

term of her lease.[23] Therefore, even if we were to find error in her removal, there was nothing we could do on appeal to allow her to stay in the apartment pending appeal.[24] Nor would vacating the writ provide meaningful relief when the only subject of the underlying action was to determine whether the tenant was entitled to immediate possession.[25]

We declined to exercise our discretion to address the alleged right to a jury trial under the public interest exception to the mootness doctrine.[26] We reasoned that it was not clear such issue would inherently evade appellate review, since there are means by which a tenant can stay enforcement of a writ of restitution pending appeal.[27]

We also found no merit to the tenant's argument that we should proceed to the merits of her appeal under the collateral consequences exception to the mootness doctrine, because she faced negative collateral consequences in the form of future landlords' not accepting her as a tenant.[28] We explained that we have previously refused to apply the collateral consequences exception to mootness outside of the criminal context and continued to decline to do so in that case.[29]

The situation presented here is similar. The term of the alleged 1-year lease has expired, and Vosberg has vacated the premises. She is no longer paying the monthly rent under the terms of the supersedeas bond. While Vosberg argues she suffers collateral consequences from the writ because a judgment of eviction on her record makes it harder for her to find landlords willing to rent to her, we have already rejected a similar argument in *NP Dodge Mgmt. Co.* Vosberg presents

---

[23] See *NP Dodge Mgmt. Co. v. Holcomb, supra* note 17.

[24] See *id.*

[25] See *id.*

[26] See *id.*

[27] See *id.*

[28] See *id.*

[29] See *id.*

no public interest exception. And because of the variety of terms possible under lease agreements, the issue presented is unlikely to recur.

## CONCLUSION

Vosberg's appeal is dismissed as moot.

Appeal dismissed.