Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/26/2024 09:06 AM CDT

Dylan H., plaintiff and third-party plaintiff,
appellee, v. Brooke C., defendant and
third-party defendant, appellant, and
Brandon B., third-party defendant,
intervenor-appellant.

___ N.W.3d ___

Filed July 26, 2024.    No. S-23-673.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal, such right does not exist.
4. **Actions: Judgments: Parties: Appeal and Error.** When "an action" presents more than one "claim for relief" or involves multiple parties, and the court enters an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is implicated, and to become appealable, the order must comply with the requirements of certification of an appeal in § 25-1315(1).
5. **Actions: Words and Phrases.** For purposes of determining whether a case presents more than one "claim for relief" under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), the term is not synonymous with an issue or theory of recovery, but is instead the equivalent of a cause of action.
6. **Actions: Parties: Final Orders: Appeal and Error.** Where Neb. Rev. Stat. § 25-1315 (Reissue 2016) is implicated, one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022) as to one

or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.

7. **Claims: Parties: Final Orders: Appeal and Error.** In cases where Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is implicated, and no more specific statute governs the appeal, an order resolving fewer than all claims against all parties is not final and appealable if it lacks proper § 25-1315 certification. This is so even if the order otherwise satisfies one of the final order categories in Neb. Rev. Stat. § 25-1902(1) (Cum. Supp. 2022).

Appeal from the District Court for Nemaha County, JULIE D. SMITH, Judge. Appeal dismissed.

Angelo M. Ligouri, of Ligouri Law Office, for appellants.

Ryan K. McIntosh, of Brandt, Horan, Hallstrom & Stilmock, for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Dylan H. initiated a proceeding against Brooke C., the natural mother of P.C., a minor child, to establish paternity. Brooke's partner, Brandon B., intervened based on his allegation that because he had signed a notarized acknowledgment of paternity, he was P.C.'s father. Thereafter, Dylan filed a verified third-party complaint in this action under Neb. Rev. Stat. § 43-1409 (Reissue 2016) against Brooke and Brandon to disestablish Brandon's paternity on the basis of fraud and material mistake of fact. The district court for Nemaha County bifurcated the matters and conducted an evidentiary hearing limited to Dylan's disestablishment claim. Based on the evidence, the district court found fraud and material mistake of fact and disestablished Brandon's paternity; it later denied a motion for new trial. Brooke and Brandon purport to appeal the May 15, 2023, order that set aside the acknowledgment

of paternity and ordered Brandon's paternity disestablished, as well as the August 5, 2023, order that denied a new trial. Because Neb. Rev. Stat. § 25-1315 (Reissue 2016), governing multiple parties and multiple claims, dictates that the orders are not appealable, we dismiss the appeal for lack of jurisdiction.

## STATEMENT OF FACTS

Brooke is the natural mother of P.C., born in February 2021. In September 2021, Dylan, through counsel, sent a letter to Brooke requesting establishment of paternity. Around 8 days later, Brooke, Brooke's ex-husband, and Brandon executed a notarized acknowledgment of paternity purporting to establish Brandon as the father of P.C. Brandon testified that when he executed the notarized acknowledgment of paternity, he believed that P.C. was his biological daughter and that Brooke had represented to him that he was her only sexual partner during the time of conception.

Although we ultimately dismiss this appeal, the procedural history and the parties' claims are relevant in our analysis, and we set them forth below, as relevant.

*Dylan's Complaint to Establish Paternity and*
*Third-Party Complaint to Disestablish*
*Paternity in Brandon.*

In December 2021, Dylan filed a complaint in the district court to establish paternity, custody, and support pursuant to Neb. Rev. Stat. § 43-1411.01 (Cum. Supp. 2022). He also moved for genetic testing. Brooke filed an answer in which she generally denied Dylan's allegations of paternity without explicitly denying that he was the biological father. Brandon moved for leave to intervene, alleging that he and Brooke had signed a notarized acknowledgment of paternity, that he and Brooke had been in a relationship and were engaged to be married, and that he has been P.C.'s father and has maintained a loving and supportive parenting relationship. The court allowed Brandon to intervene. Brooke's ex-husband is not directly involved in these proceedings.

An initial motion for genetic testing filed by Dylan was overruled by the court, under the reasoning that it could not order genetic testing without first setting aside Brandon's paternity acknowledgment. See *Tyler F. v. Sara P.*, 306 Neb. 397, 945 N.W.2d 502 (2020). Subsequently, Dylan moved for leave to file a third-party complaint against Brooke and Brandon to seek disestablishment of Brandon's paternity. The court sustained Dylan's motion, notwithstanding objections by Brooke and Brandon based on the notarized acknowledgment of paternity and their reliance on Neb. Rev. Stat. § 43-1412.01 (Reissue 2016). The district court determined that § 43-1409 applied because of its explicit provisions for challenging a notarized acknowledgment based on fraud or material mistake of fact. Brooke and Brandon moved to dismiss the third-party complaint, and the motion was overruled.

*Motion for Genetic Testing and First Appeal.*

Because it would relate to the disestablishment claim, the district court granted Dylan's successive motion for genetic testing as a matter of discovery under Neb. Ct. R. Disc. § 6-335. Brooke and Brandon appealed the order for genetic testing to the Nebraska Court of Appeals, which determined in case No. A-22-690 that the appeal was not filed within 30 days of the order and that genetic testing is not dispositive of the proceedings and does not affect a substantial right of the appellants. The Court of Appeals dismissed the appeal.

DNA testing results from Dylan and Brandon showed that Dylan is P.C.'s biological father.

*Trial on Third-Party Complaint to
Disestablish Brandon's Paternity.*

The district court bifurcated the complaint to establish paternity in Dylan from the third-party complaint to disestablish paternity in Brandon and set the issue of disestablishment for trial. Brooke and Brandon filed several unsuccessful motions that, among other things, sought to appoint a

guardian ad litem pursuant to § 43-1412.01 and dismiss the action for lack of subject matter jurisdiction.

Following a trial, the district court set aside the notarized acknowledgment of paternity on the basis of fraud, as well as the corresponding basis of material mistake of fact, and disestablished Brandon's paternity. In its order, the district court summarized the facts as follows: Brooke, the mother of P.C., and Brandon, a third-party, conspired to execute an acknowledgment of paternity in order to prevent the biological father, Dylan, from exercising his parental rights. Brooke and Brandon filed a motion for new trial that was denied.

*Subsequent Proceedings in the District Court.*

Dylan was subsequently awarded 1½ hours of parenting time with P.C. every Saturday and therapeutic parenting time of no less than one appointment every 2 weeks. The district court noted that because paternity is not yet established in Dylan, P.C. would not be informed at this time that Dylan is her father.

The district court later entered an order that awarded Dylan attorney fees. The order detailed "numerous tactics throughout this case" by Brooke and Brandon "which have served to cause significant delays" and found that their first appeal and various other motions were "frivolous" and "filed in bad faith and/or filed for the purpose of delay."

Brooke and Brandon purported to appeal.

## ASSIGNMENTS OF ERROR

According to the notice of appeal, Brooke and Brandon challenge the order that disestablished Brandon's paternity and the order denying their motion for new trial related thereto. Brooke and Brandon also assign errors related to various incidental rulings by the district court not entirely identified in their notice of appeal and, in view of our ruling dismissing the appeal, are not subject to consideration.

## STANDARDS OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Johnson v. Vosberg*, 316 Neb. 658, 6 N.W.3d 216 (2024).

## ANALYSIS

Brooke and Brandon appeal from the order that disestablished Brandon's paternity of P.C. and from the order that denied their motion for new trial. These orders did not resolve all claims encompassed by the pleadings, which also included, inter alia, Dylan's action to establish paternity, custody, and support. The single action in the district court presented more than one claim for relief and involved multiple parties, and the district court's orders adjudicated fewer than all of the claims. Therefore, we determine that § 25-1315(1) is implicated in this case and that its jurisdictional requirements were not met in this appeal. As explained below, we are without jurisdiction to decide the merits of this appeal, and we dismiss this appeal.

*Appellate Jurisdiction.*

[2,3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Clason v. LOL Investments*, 316 Neb. 91, 3 N.W.3d 94 (2024). The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal, such right does not exist. *Johnson v. Vosberg, supra*.

[4] Through Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022), the Legislature has authorized appeals from judgments and decrees rendered, as well as final orders, made by the district court. *Id*. Additionally, when "an action" presents more than one "claim for relief" or involves multiple parties, and the court enters an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, § 25-1315(1) is implicated, and to become appealable,

the order must comply with the requirements of certification of an appeal in § 25-1315(1). See *Johnson v. Vosberg, supra*.

Section 25-1315(1) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[5] For purposes of determining whether a case presents more than one "claim for relief" under § 25-1315(1), we have said the term is not synonymous with an "issue" or "theory of recovery," but is instead the equivalent of a "cause of action." *Mann v. Mann*, 312 Neb. 275, 286, 978 N.W.2d 606, 615 (2022) (internal quotation marks omitted). Because of this construction, our cases sometimes use the phrases "claim for relief" and "cause of action" interchangeably when analyzing whether § 25-1315 is implicated. *Id*.

Section 25-1315 attempts to strike a balance between the undesirability of piecemeal appeals and the potential need for making review available at a time that best serves the needs of the parties. See *Mann v. Mann, supra*. Certification of a final judgment must be reserved for the "unusual case" in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate

judgment as to some claims or parties. *TDP Phase One v. The Club at the Yard*, 307 Neb. 795, 950 N.W.2d 640 (2020); *Rafert v. Meyer*, 298 Neb. 461, 905 N.W.2d 30 (2017).

Without entry of a final judgment under § 25-1315(1), orders adjudicating fewer than all claims against all parties are not final and are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Mann v. Mann, supra*; *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

*Implication of § 25-1315 and*
*Lack of Appellate Jurisdiction.*

In the present case, there were multiple parties and multiple claims for relief, including establishment of Dylan's paternity and disestablishment of Brandon's paternity. Only the disestablishment claim has been ruled on. Indeed, several journal entries contained in the record confirm this. An entry on August 4, 2023, states, "[T]rial . . . held on the bifurcated issue of the disestablishment of paternity only." (Emphasis omitted.) Section 25-1315(1) is implicated in this case.

[6] We have held that where § 25-1315 is implicated,

one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 2016) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.

*State on behalf of Marcelo K. & Rycki K. v. Ricky K.*, 300 Neb. 179, 183, 912 N.W.2d 747, 750 (2018). The trial court's express determination is sometimes referred to as "certification."

[7] Elsewhere, we have stated:

[I]n cases where § 25-1315(1) is implicated, and no more specific statute governs the appeal, an order resolving fewer than all claims against all parties is not final and

appealable if it lacks proper § 25-1315 certification. This is so even if the order otherwise satisfies one of the final order categories in § 25-1902(1).

*Mann v. Mann*, 312 Neb. 275, 292, 978 N.W.2d 606, 618 (2022).

Here, the paternity case and disestablishment case have been joined into a single case in the district court, and § 25-1315(1) is implicated. Under similar circumstances, where there is no certification under § 25-1315(1), we have dismissed the case for lack of appellate jurisdiction. See *State on behalf of Marcelo K. & Rycki K. v. Ricky K., supra*. Cf. *Tyler F. v. Sara P.*, 306 Neb. 397, 945 N.W.2d 502 (2020) (exercising appellate jurisdiction over two separate actions and two separate appeals, which, taken together, involved paternity and disestablishment).

The district court did not purport to enter a final judgment in this case, and the appellate record contains no § 25-1315 certification of any order. The orders that were purportedly appealed from ruled only on Dylan's third-party complaint to disestablish Brandon's paternity and not on the cause of action framed by Dylan's complaint to establish paternity. Where, as here, the language of § 25-1315(1) is implicated, we must apply the requirements of that section in order to find a final, appealable order. The requirements have not been met, and we lack jurisdiction.

## CONCLUSION

Because Brooke and Brandon appealed from orders deemed to be nonfinal under § 25-1315, we lack jurisdiction over the appeal. Accordingly, we must dismiss the appeal.

Appeal dismissed.