IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

OJEDA V. WANEK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RAQUEL OJEDA, APPELLEE,

V.

CHAD WANEK, APPELLANT, STATE OF NEBRASKA, APPELLEE,
AND BRYANNA PRUDHOME, INTERVENOR-APPELLEE.

Filed October 29, 2024.    No. A-23-998.

Appeal from the District Court for Otoe County: JULIE D. SMITH, Judge. Appeal dismissed.

Justin A. Quinn for appellant.

Hannah E. Frankel, of Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for intervenor-appellee Bryanna Prudhomme.

RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

## INTRODUCTION

The father appeals from an order of the district court for Otoe County denying his motions to dismiss a step-grandmother's complaint for leave to intervene as a person standing in loco parentis in a custody proceeding brought by the father. The court found that the step-grandmother's complaint did not fail to state a claim for which relief can be granted, and it granted her motion to intervene. Because the order granting the motion to intervene is not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

## STATEMENT OF FACTS

Raquel Ojeda and Chad Wanek are the biological parents of two minor children. Ojeda died in September 2023 following a cancer diagnosis. Approximately a week after Ojeda's death,

- 1 -

Wanek filed a complaint to modify, seeking sole legal and physical custody of the children. Wanek's complaint referenced a decree of paternity entered in August 2017 and a previous modification order entered in August 2018, though these orders do not appear in our record on appeal. Wanek alleged that Ojeda's death was a material change in circumstances and that an award of sole custody to him was in the best interests of the children.

Bryanna Prudhome then filed a complaint for leave to intervene. The complaint alleged that Prudhome was the biological mother of Derek Powell, and that Powell and Ojeda had married in March 2023 and remained married until Ojeda's death in September. Powell and Ojeda had been a couple for 8 years prior to their marriage. During this time, Prudhome alleged that she developed a typical grandparent/grandchild relationship with Ojeda's minor children. The complaint asserted that the children had spent time in Prudhome's home for family dinners, sleepovers, holidays, birthdays, and other quality time together. Prudhome claimed that Ojeda, Powell, and the children had also lived intermittently with Prudhome over the past 8 years. Prudhome alleged that she had a strong emotional bond with the children.

Prudhome's complaint alleged details regarding the children's custody arrangement. According to Prudhome, the 2017 decree of paternity awarded Ojeda and Wanek joint legal custody of the minor children, with Ojeda having sole physical custody of the children, subject to Wanek's reasonable right to parenting time. The 2018 modification order awarded Ojeda sole legal and physical custody of the minor children. Wanek was awarded agency supervised parenting time every other Saturday and every other Wednesday evening. The complaint alleged that Wanek has not had contact with the children since Thanksgiving 2022 and that he had never been a primary caregiver.

Prudhome alleged that Ojeda and the children moved into her home indefinitely in March 2023 following Ojeda's cancer diagnosis and, since then, Prudhome had been solely responsible for the children's academic, emotional, physical, and mental needs. Prudhome asserted that by assuming such responsibilities, she now stood in loco parentis of the children and that it was in the children's best interests that she be allowed to intervene in the pending custody matter.

A notarized delegation of guardianship, dated September 2, 2023, and signed by both Ojeda and Prudhome, was attached to Prudhome's complaint. The delegation of guardianship named Prudhome as legal guardian of the minor children in the case of Ojeda's death or incapacity and was executed 5 days prior to Ojeda's death.

On October 3, 2023, Wanek filed a motion to dismiss Prudhome's complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) for failing to state a claim for which relief can be granted. The motion alleged that Prudhome's complaint was "suspicious on its face for being brought by the Grandparent of Raquel's spouse Derek Powell, and not by Derek Powell." Further, Wanek asserted that Prudhome had not alleged sufficient facts to confer in loco parentis status.

On October 19, 2023, Wanek filed a second motion to dismiss Prudhome's complaint, again pursuant to § 6-1112(b)(6). Wanek also filed a statement of undisputed facts and an evidence index.

Wanek's statement of undisputed facts indicated that on February 23, 2023, Iowa social services received an intake report that Powell was touching one of the minor children's breasts and vagina. Following an investigation, the social services made a determination that the allegation of "Sexual abuse, Lascivious Acts with a child, was founded." Subsequently, a criminal complaint

was filed in the Iowa courts charging Powell with "Lascivious Acts with a child, a class C Felony." On September 7, the assistant county attorney filed a motion to dismiss the criminal complaint against Powell and the case was dismissed the following day. While the criminal case had been pending, there was a no contact order in place between Powell and the children.

At a hearing on October 30, 2023, the district court took up Wanek's motions to dismiss Prudhome's complaint for leave to intervene. Wanek asked the court:

> The first Motion to Dismiss was a straight Motion to Dismiss on the pleadings and no evidence would be offered on. And then the second Motion to Dismiss is, you know, under the same rules of pleading but done as a Motion for Summary Judgment because evidence is to be offered. So I don't know if you want to hear just the motion on the pleadings first and not . . . have the evidence discussed outside of that or if you want to do the Motion . . . to Dismiss that's also a summary judgment. Do you want them together or separate?

The court instructed Wanek to "do them together" and to offer evidence on the motion to dismiss "that's also a Motion for Summary Judgment, please."

Wanek offered four exhibits, including an affidavit of Wanek; an affidavit of Soledad Peterson, Ojeda's mother; a certified copy of Powell's Iowa criminal case; and a certified copy of the documents from Ojeda's estate. These four exhibits were also listed in Wanek's evidence index with his second motion to dismiss.

The district court noted that "[e]ssentially, this is a hearing on a Motion for Summary Judgment" but that the court would also review the pleadings on their face to address Wanek's first motion to dismiss. For purposes of the summary judgment motion, the court asked Prudhome if she had any objection to Wanek's four exhibits. Prudhome offered no objections, and the exhibits were received by the court.

Prudhome also offered three exhibits; an affidavit of Prudhome; an affidavit of Desitiney Nicol, Prudhome's daughter; and Wanek's Iowa child support payment history. Wanek objected to the relevance of the child support payment history and Prudhome responded that the best interests of the children "can be reflective by how the parent has shown support in the past. And the arrearage that Mr. Wanek has accrued is significant." Wanek also objected to the payment history as he had not received a copy of the exhibit. The district court ruled that an adverse party to a motion for summary judgment cannot serve opposing evidence on the day of the hearing and sustained Wanek's objection to the child support payment history but received Prudhome's offered affidavits.

Prudhome indicated that she did not have any objection to Wanek's stated facts, except for fact number 10 (that Powell was under a no contact order with the minor children until his criminal case was dismissed). During argument Prudhome stated that after the case had been dismissed in criminal court, a safety plan was developed through Iowa social services which advised the parameters of contact between Powell and the children.

On November 17, 2023, the district court entered an order overruling Wanek's motions to dismiss and allowing Prudhome to intervene in the matter. The court found that Prudhome had alleged sufficient facts in her complaint to merit her intervention, specifically that she had been solely responsible for the children's academic, emotional, physical, and psychological needs since March 2023. Further, assuming the contents of Prudhome's complaint are true, the court found

that the complaint did not fail to state a claim for which relief can be granted. While recognizing that under certain circumstances a motion to dismiss can be converted into a motion for summary judgment, the court found that "this is not an appropriate case for summary judgment at this stage of the proceedings." Citing *Johnson v. Woodhouse Ford Auto Family*, 31 Neb. App. 587, 986 N.W.2d 765 (2023), the court reasoned that discovery had not been completed, the parties were not given sufficient notice that this would be a summary judgment proceeding, and Prudhome was not provided with a reasonable opportunity to present pertinent material for a motion for summary judgment. Thus, the court overruled both of Wanek's motions to dismiss based upon the parties' pleadings only.

Wanek appeals.

## ASSIGNMENTS OF ERROR

Restated, Wanek assigns that the district court erred in failing to grant Wanek's motion to dismiss under § 6-1112(b)(6) and allowing Prudhome to intervene.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Dylan H. v. Brooke C.*, 317 Neb. 264, 9 N.W.3d 439 (2024).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Dylan H. v. Brooke C., supra*.

Here, Wanek asserts that the district court erred in failing to grant his motions to dismiss and allowing Prudhome to intervene in the custody proceedings. The jurisdictional issue before us is whether the order granting the motion to intervene is a final, appealable order. We conclude that it is not.

In *Carroll v. Gould*, 308 Neb. 12, 952 N.W.2d 1 (2020), the Nebraska Supreme Court reviewed a grandparent's request to intervene in a custody proceeding. The court determined that the trial court erred in denying the motion for leave to intervene, and it remanded the case with directions for the court to allow the intervention and recognize the grandparent as a party to the litigation. The court noted that whether as a matter of fact the grandparent stood in loco parentis and whether, if so, that relationship should continue, can be determined later following an appropriate hearing.

In contrast, the order appealed from in this case granted the intervention. In *In re Application No. OP-0003*, 303 Neb. 872, 932 N.W.2d 653 (2019), the Nebraska Supreme Court noted that it has consistently held that an order denying intervention is a final order for purposes of appeal. However, because the intervention order in the case before it granted the petitions for intervention, the order was not a final determination of the parties' rights and was thus not a final order. Relying upon *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 107 S. Ct. 1177, 94 L. Ed. 2d 389 (1987), the Court explained that an order denying intervention is appealable because the moving party has no right to appeal from any subsequent order or judgment entered in the proceeding; whereas an order granting intervention allows a review on the merits of an interveners motion on appeal from a final judgment.

Wanek points to the case of *In re Interest of Sarah H.*, 21 Neb. App. 441, 838 N.W.2d 389 (2013) in support of his assertion that the order at issue is a final, appealable order. In that case, the juvenile court entered a disposition order in which it allowed intervention by a man who was the child's legal father (having been married to the mother at the time the child was born) and who was held out to be the child's biological father for the first 15 years of her life. In addition, the court continued placement of the child with this individual and set forth other dispositional findings concerning therapy and services for the child. On appeal, this court found that the juvenile court did not err in allowing the intervention or in its placement order.

The foregoing case is distinguishable from the present appeal in that the court in *Sarah H.* entered a disposition order which included placement of the juvenile and was thus a final, appealable order. See *In re Interest of LeAntonaé D. et al.*, 28 Neb. App. 144, 942 N.W.2d 784 (2020) (dispositional orders are final and appealable). Here, Prudhome has only been recognized as a party to the proceedings; there has been no resolution of whether as a matter of fact Prudhome stands in loco parentis and if so, whether that relationship should continue. These issues, along with the prior grant of the motion to intervene, can be determined at a later stage of the proceeding in the custody matter.

Wanek also argues that the order at issue should be considered a final, appealable order under Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2022), as it is an order entered in a special proceeding that affects a substantial right. He asserts that the substantial right affected is protecting the children from a "stranger in law" who may expose the children to the stepfather, an allegedly dangerous person. Supplemental brief for appellant at 5. However, as noted above, the question of whether Prudhome ultimately is allowed to have any rights with respect to the children will be determined following a hearing in the custody proceeding, from which Wanek would be able to appeal.

Because the order granting Prudhome's motion to intervene is not a final, appealable order, we do not have jurisdiction and the appeal is dismissed.

APPEAL DISMISSED.